**UNITED STATES OF AMERICA,**
Appellee,

v.

**Jean LAGUERRE, Defendant–**
**Appellant.**

**No. 02–1323(L), 03–1049(CON).**

United States Court of Appeals,
Second Circuit.

July 31, 2003.

Raymond L. Colon, New York, NY, for Appellant.

Demetri M. Jones, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, and Jo Ann M. Navickas, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

PRESENT: WALKER, Chief Judge, STRAUB, and POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Jean Laguerre appeals the May 22, 2002, judgment of the district court convicting him, following his guilty plea, of one count of forging, altering, and counterfeiting immigration documents, in violation of 18 U.S.C. § 1546(a). On appeal, Laguerre claims he received ineffective assistance of counsel both at trial and on appeal because (1) trial counsel may have promised him that he would receive probation if he pleaded guilty; (2) trial counsel may have failed to advise him as to the possible consequences of seeking to withdraw his guilty plea; (3) trial counsel lacked sufficient familiarity with federal criminal practice and jurisprudence; (4) trial counsel failed to file a formal objection to the presentence report; (5) trial counsel improperly moved in the district court, rather than the court of appeals, to be relieved as counsel on appeal; (6) initial appellate counsel failed to properly prosecute Laguerre's appeal; (7) initial appellate counsel failed to timely move for a stay of surrender pending appeal; and (8) initial appellate counsel suffered from a conflict of interest and an appearance of impropriety.

In order for a defendant to establish a violation of the Sixth Amendment right to effective assistance of counsel under the now-familiar standard set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the de-

fendant must show that (1) "counsel's performance was deficient" such "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense," *id.,* such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052. The Second Circuit has a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Salameh,* 152 F.3d 88, 161 (2d Cir.1998) (per curiam). As we explained in *Salameh,* "[t]he rationale for this policy is that the constitutional sufficiency of counsel's performance is usually unripe for seasoned retrospection until after the trial and whatever appeal may follow." *Id.* at 160. Thus, as a general matter, direct review of ineffectiveness claims has been "permit[ted]" only in the "narrow category of cases in which the defendant has [ ] new counsel on appeal and argues no ground for ineffectiveness that is not fully developed in the trial record," *id.* (internal quotation marks omitted), or when resolution of the claim is "beyond any doubt," *United States v. Aulet,* 618 F.2d 182, 186 (2d Cir.1980) (internal quotation marks omitted). As explained below, resolution of six of Laguerre's claims is "beyond any doubt." Because the other two claims rely on out-of-court evidence not yet examined by any court, however, their resolution is not "beyond any doubt."

■ With respect to Laguerre's first two claimed bases for ineffective assistance of counsel, any alleged promise by counsel that Laguerre would receive probation if he pleaded guilty and any advice Laguerre's counsel provided with respect to the motion to withdraw his guilty plea lie outside the record below and, therefore, it would be inappropriate to try to resolve these claims on direct appeal. *See United States v. Leone,* 215 F.3d 253, 256 (2d Cir.2000). As we noted in *Leone,* under such circumstances, a court of appeals may either "decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent § 2255 petition," or "remand the claim to the district court for necessary fact-finding." *Id.* In the interests of efficiency, we choose to remand the case to the district court for further fact-finding, which may be limited to obtaining an affidavit from Laguerre's trial counsel or may include a full evidentiary hearing, as the district court sees fit.

■ All of Laguerre's remaining claims of ineffective assistance of counsel can be denied on the merits "beyond any doubt," *Aulet,* 618 F.2d at 186, because there has been no showing of prejudice that resulted from counsels' asserted failings. Given that the present appeal is to be decided by this panel on the merits, there plainly was no prejudice that resulted from any of the asserted errors pertaining to the appeal (*i.e.,* claims 5–8). Nor has Laguerre provided any basis to conclude that he was prejudiced by trial counsel's alleged lack of familiarity with federal criminal practice and jurisprudence or by appellate counsel's delay in filing a motion for a stay of surrender pending appeal, given that the motion was denied on the merits. Similarly, Laguerre fails to explain how a formal objection to the presentence report might have affected his sentence, particularly given that the issue of restitution was discussed at length at sentencing and both the sentencing guidelines calculation and restitution order corresponded to the parties' plea agreement.

Accordingly, for the reasons set forth above, the case is hereby REMANDED for further proceedings consistent with this order.